IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

VS.                              CASE NO. 21-50028-05

CHARLES ROUELL
a/k/a CHARLEY                                                     DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), Local Rule 72.1  ¶ XII, and General Order No. 40, this matter was referred to the undersigned for the purposes of conducting a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  Such a hearing was conducted on May 12, 2022, and, pursuant to a written plea agreement, the Defendant, Charles Rouell, waived Indictment and entered a plea of guilty to Count One of an Information charging him with the offense of conspiring to distribute a controlled substance, namely, more than 50 grams of a substance or mixture or substance containing a detectible amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) and 846. The plea agreement provides that if the Court accepts the plea agreement, once the Court has pronounced sentence, the United States will move to dismiss the remaining counts against Defendant contained in the Indictment.

After conducting the hearing in the form and manner prescribed by Rule 11, the undersigned finds:

1.      Defendant  understands his constitutional  right to be charged by an indictment by a grand jury, and after consultation with his counsel, wishes to waive this right.  Defendant has knowingly and voluntarily waived his right to be charged by indictment by a grand jury and the

Waiver of Indictment has been filed at the direction of the Court.  (ECF No. 312).

2.      Defendant, after further consultation with his counsel, has knowingly and voluntarily consented, both in writing in the plea agreement and on the record at the hearing, to the entry of his guilty plea to Count One of the Information, before the undersigned, with the plea being subject to final approval by United States District Judge Timothy L. Brooks.

3.      Defendant and the Government have entered into a written plea agreement which has been disclosed in open court pursuant to Rule 11(c)(2), and the undersigned has directed that the plea agreement be filed. (ECF No. 316).

4.      Defendant is fully competent and capable of entering an informed plea; Defendant is aware of the nature of the charges contained in the Information, the applicable maximum penalties, including a mandatory minimum period of incarceration, and the consequences of the plea of guilty; Defendant is fully satisfied with his counsel and has had sufficient time to consult with counsel; and the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

5.      Defendant understands his constitutional and statutory rights and wishes to waive these rights.

6.      The parties were informed, both in writing in the plea agreement and on the record at the hearing, of their right to file written objections within fourteen (14) days after receipt of this Report and Recommendation.  To expedite acceptance of the guilty plea, the parties waived, both on the record and in writing in the plea agreement, their right to file objections.

Based on the foregoing, the undersigned recommends that Defendant's guilty plea be accepted.  The written plea agreement will be subject to approval by the District Judge at sentencing.

DATED this 12th day of May 2022.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE